UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GILBERTH ESTEVEZ,**

    **Plaintiff,**                                            **Case No.:**

vs.

**GLOBAL EQUIPMENT USA, LLC**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Gilberth Estevez, hereinafter referred to as "Plaintiff" by and through his undersigned counsel, and sues the Defendant, Global Equipment USA, LLC hereinafter referred to as "Defendant" and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

## PARTIES

3. At all times material herein, Plaintiff was and is resident of Pinellas County, Florida.

4. Defendant is a Florida company licensed and authorized to conduct business in the State of Florida and doing business within Pinellas County.

5. Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to bringing this action have occurred.

7. On April 4, 2024, Plaintiff timely filed a Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

8. On December 31, 2025, the EEOC issued a dismissal and Notice of Rights related to Plaintiff's Charge of Discrimination. This Complaint is filed within ninety (90) days of the issuance of the Dismissal and Notices of Rights.

9. More than 180 days have passed since the filing of said Charge of Discrimination.

## FACTUAL ALLEGATIONS

10. Plaintiff began his employment on or about August 2022, as a Truck Driver.

11. Plaintiff is a qualified individual with a disability.

12. On or about May 2022, Plaintiff was diagnosed with medical conditions that substantially limit one or more major life activities and constituted disabilities within the meaning of the Americans with Disabilities Act ("ADA").

13. On or about March 7, 2023, Plaintiff submitted a doctor's note advising Defendant of his medical conditions and requesting a reasonable accommodation related to his work schedule, specifically that he not be scheduled for late-night drives because he must take medication in the evening.

14. Despite Plaintiff's disclosure and accommodation request, Defendant delayed addressing Plaintiff's accommodation needs for several weeks and continued assigning him to late-night shifts, which exacerbated Plaintiff's medical conditions.

15. On or about November 2023, Plaintiff sought guidance from the Social Security Administration regarding disability benefits and was advised that he would need to work part-time in order to qualify.

16. Plaintiff relayed this information to Defendant and requested a modification to his schedule or hours consistent with his medical needs.

17. Defendant's owner, Jorge Chevasco, responded by accusing Plaintiff of wrongdoing and stating that Plaintiff's request was improper and illegal and he would not accommodate his schedule or a request to work part-time.

18. On or about November 16, 2023, Plaintiff submitted a physician's note excusing him from work from approximately November 19 through November 27, 2023, due to his medical condition.

19. Plaintiff returned to work on November 28, 2023.

20. On or about December 19, 2023, Plaintiff discovered that he was no longer scheduled for work.

21. Plaintiff contacted Mr. Chevasco and was informed that Defendant "did not need him anymore," thereby terminating Plaintiff's employment.

22. Defendant terminated Plaintiff's employment shortly after learning of Plaintiff's disability-related medications, specialist treatment, and accommodation requests.

23. The EEOC investigated Plaintiff's charge of discrimination and issued a Determination finding reasonable cause to believe that Defendant violated the Americans with Disabilities Act. The EEOC thereafter issued a Notice of Right to Sue.

24. The EEOC further found that Defendant failed to maintain required personnel records related to Plaintiff's employment and termination, in violation of federal record-keeping regulations, undermining Defendant's asserted reasons for Plaintiff's discharge.

25. As a result of Defendant's actions, Plaintiff has suffered loss of income, loss of benefits, emotional distress, and other damages.

## COUNT I
## AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008 ("ADAAA") DISABILITY DISCRIMINATION

26. Plaintiff realleges and adopts the allegations stated in Paragraphs one–twenty-five.

27. Plaintiff is an individual entitled to protection under the Americans With Disabilities Act Amendments of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

28. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of his job with Defendant.

29. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of his disability.

30. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a. Back pay and benefits;

      b.      Interest on back pay and benefits;

      c.      Front pay and benefits;

      d.      Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

      e.      Punitive damages;

      f.      Pecuniary and non-pecuniary losses;

      g.      Attorney's fees and costs; and

      h.      For any other relief this Court deems just and equitable.

## COUNT II
## AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008 ("ADAAA") FAILURE TO ACCOMMODATE

31. Plaintiff realleges and adopts the allegations stated in Paragraphs one-Twenty-five.

32. Plaintiff is an individual entitled to protection under the Americans With Disabilities Act Amendments of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

33. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of his job with Defendant.

34. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment

actions against Plaintiff and discriminated against Plaintiff because of his disability. Further, Plaintiff was denied a reasonable accommodation in violation of the Act and Defendant failed to engage in the interactive process.

35. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e. Punitive damages;

    f. Pecuniary and non-pecuniary losses;

    g. Attorney's fees and costs; and

    h. For any other relief this Court deems just and equitable.

## COUNT III
## AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 ("ADAAA") RETALIATION

36. Plaintiff realleges and adopts the allegations stated in Paragraphs one- twenty-five.

37. Plaintiff suffered an adverse employment action (termination) for opposing an employment practice and for opposing Defendant's discriminatory

treatment of him, which action is unlawful pursuant to the ADAAA, 42 U.S.C. § 12112, *et seq.*

38. The above-described acts constitute retaliation, in violation of the ADAAA. Plaintiff engaged in protected activity by disclosing his disability, medical treatment, and related limitations to Defendant. Shortly thereafter, Defendant terminated Plaintiff's employment. The close temporal proximity between Plaintiff's protected activity and termination supports a causal connection.

39. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages;

    e. Pecuniary and non-pecuniary losses;

    f. Attorney's fees and costs; and

    g. For any other relief this Court deems just and equitable.

## COUNT IV
**FLORIDA CIVIL RIGHTS ACT ("FCRA") – DISABILITY DISCRIMINATION**

40. Plaintiff realleges and adopts the allegations stated in Paragraphs one-twenty-five.

41. As described above, Plaintiff has a disability, and/or the Defendant perceived him to have a disability as defined by Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq., Florida Statutes.*

42. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of his disability and/or perceived disability.

43. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e. Punitive Damages

    f. Pecuniary and non-pecuniary losses;

    g. Attorney's fees and costs; and

    h. For any other relief this Court deems just and equitable.

## COUNT V
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – FAILURE TO ACCOMMODATE

44. Plaintiff realleges and adopts the allegations stated in Paragraphs one-

twenty-five.

45. As described above, Plaintiff has a disability, and/or the Defendant perceived him to have a disability as defined by Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq., Florida Statutes.*

46. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of his disability and/or perceived disability. Further, Plaintiff was denied a reasonable accommodation in violation of the Act and Defendant failed to engage in the interactive process.

47. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    e. Punitive Damages

    f. Pecuniary and non-pecuniary losses;

    g. Attorney's fees and costs; and

      h.      For any other relief this Court deems just and equitable.

Dated: January 29, 2026

                        **FLORIN|GRAY**

                        *s/Troy E. Longman, II*
                        Troy E. Longman, II, Esquire
                        Florida Bar No.: 1031921
                        TLongman@floringray.com
                        Wolfgang M. Florin, Esquire
                        Florida Bar No.: 907804
                        WFlorin@floringray.com
                        16524 Pointe Village Drive, Suite 100
                        Lutz, FL 33558
                        Telephone (727) 220-4000
                        Facsimile (727) 483-7942
                        Attorneys for Plaintiff